**FILED - GR**

June 16, 2009 3:55 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SENSIENT FLAVORS, LLC,

    Plaintiff,

v

CHERRY BLOSSOM, LLC,

    Defendant.
_____/

Case No.:

**1:09-cv-559**

**Paul L Maloney**
**Chief U.S. District Judge**

GARAN LUCOW MILLER, P.C.
By: Peter B. Worden, Jr. (P41899)
    L. Ladd Culbertson (P58907)
Attorneys for plaintiff
1131 East Eighth Street
Post Office Box 3150
Traverse City, Michigan 49685-3150
Telephone: (231) 941-1611

_____/

# COMPLAINT

Plaintiff Sensient Flavors LLC ("Sensient"), by their undersigned attorneys, for their complaint against Defendant, Cherry Blossom, LLC ("Cherry Blossom") states the following:

## THE NATURE OF THE ACTION

1. This is an action seeking a declaratory judgment that Plaintiff Sensient has the right to use certain formulas developed by Sensient used to process cherries ("Sensient's Formulas").

2. Defendant Cherry Blossom claims an exclusive right to use Sensient's Formulas.

## PARTIES

3. Plaintiff Sensient is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Indianapolis, Indiana.

4. Defendant Cherry Blossom is a limited liability company organized under the laws of the State of Michigan with its principal place of business located in Williamsburg, Michigan.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. §1332(a).

6. The defendant company is subject to personal jurisdiction in this court because it is a limited liability company organized under the laws of the State of Michigan.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 13 provide the statutory predicates for the relief sought herein as Sensient requests a declaration of its rights relating to the Sensient Formulas and a genuine justiciable controversy exists.

## ALLEGATIONS

9. Sensient Flavors, LLC and its predecessor corporation Sensient Flavors, Inc. (collectively "Sensient") develop, manufacture and distribute proprietary flavor systems that are the essential components of thousands of food and beverage

products around the world, including Sensient's cherry processing and flavor business.

10. Around September 12, 2001, Sensient and Cherry Blossom entered into a series of contracts ("2001 Agreements") related to Sensient's cherry processing and flavor business.

11. Under the 2001 Agreements, Sensient among other things sold Cherry Blossom certain cherry processing equipment and agreed to provide Cherry Blossom with technical assistance and authorized Cherry Blossom to process cherries according to Sensient's Formulas.

12. Cherry Blossom also purchased then existing "written or printed matter" relating exclusively to the manufacture of cherry products.

13. Cherry Blossom has no right to additional documents or information.

14. Any rights Cherry Blossom enjoyed with respect to Sensient's Formulas were non-exclusive and never precluded Sensient from continuing to use, share with third parties, develop and alter Sensient's Formulas.

15. A number of the Sensient's Formulas used in 2001 for its cherry products have been materially altered or replaced over the years, in response to ongoing product development by Sensient and its customers.

16. Nothing in the 2001 Agreements purports to restrict Sensient's unrestricted use of the Sensient's Formulas, including materially altering them and sharing them with third parties.

17. Sensient's Formulas do not constitute Cherry Blossom trade secrets and Sensient never agreed to any contractual restriction on Sensient's ability to use Sensient's Formulas.

18. On December 4, 2007, Sensient and Cherry Blossom entered a subsequent agreement between the parties ("2007 Agreement"), which consolidated the prior agreements and resolved certain disputes unrelated to the instant action.

19. The 2007 Agreement expressly terminated the 2001 Agreements.

20. On or about May 28, 2009 Cherry Blossom notified Sensient that Cherry Blossom faced financial distress, could no longer operate its business, and lacked funds to pay its employees.

21. Sensient notified Cherry Blossom of termination of the 2007 Agreement by letter dated June 5, 2009.

22. As a consequence, Sensient has no contractual obligations to Cherry Blossom except those obligations surviving the terminations of the 2001 Agreements and the 2007 Agreement.

23. On June 9, 2009 Cherry Blossom demanded that Sensient cease and desist from using Sensient's Formulas and from disclosing Sensient's Formulas to third parties.

24. Cherry Blossom's counsel also threatened by telephone call to Sensient's counsel to seek immediate injunctive relief enjoining Sensient from using or disclosing Sensient's Formulas.

### COUNT I: Declaration that Sensient May Use Sensient's Formulas and Share Sensient's Formulas With Third-Parties.

25. All of the foregoing allegations are incorporated herein by reference.

26. Cherry Blossom had only non-exclusive rights to use Sensient's Formulas.

27. Sensient has the right to use Sensient's Formulas.

28. Sensient also has the right to direct third-parties to process Sensient's cherries using Sensient's Formulas.

29. Cherry Blossom has threatened legal action and a genuine justiciable controversy exists regarding Sensient's right to use and disclose Sensient's Formulas to third parties.

30. Sensient is entitled to a declaration that Sensient has the right to use Sensient's Formulas and Sensient has the right to share Sensient's Formulas with third parties.

**WHEREFORE**, Plaintiff respectfully requests the following relief from the Court:

- A. An order declaring that Sensient has the right to use Sensient's Formulas and the right to share Sensient's Formulas with third parties;
- B. A judgment for costs of this action, including reasonable attorneys fees; and
- C. Any other relief that the Court deems just and equitable.

**GARAN LUCOW MILLER, PC**

Dated: June 16, 2009  By: _(signature)_

Peter B. Worden, Jr. (P41899)
L. Ladd Culbertson (P58907)
1131 East Eighth Street
Post Office Box 3150
Traverse City, Michigan 49685-3150
Telephone: (231) 941-1611
Email: PWorden@garanlucow.com

5